The 4th District Appellate Court of the State of Illinois has now convened. The Honorable Robert J. Steigman presiding. Thank you, Mr. Dela. This first case, our first case this afternoon, the 424-1234, State of Illinois v. Larissa Erin Walston. I'd ask counsel for the appellant, please state your name, please. Good afternoon, your honors. My name is Daniella Gonzalez. Thank you. And counsel for the appellate, please state your name. Victoria Joseph for the people of the State of Illinois. Is that pronounced Joseph? Joseph. Joseph. Okay. Thank you, counsel. Ms. Gonzalez, on behalf of the appellant, you may proceed. Good afternoon, your honors. Counsel may please the court. My name is Daniella Gonzalez, and I'm an assistant appellate defender with the Office of the State Appellate Defender, and I represent the defendant in this appeal, Ms. Larissa Erin Walston. Today, I will be focusing on two issues related to subsection D of the resisting a peace officer statute. However, I'm happy to answer any other questions this court may have. I will be focusing on, one, whether the state proved beyond a reasonable doubt that Ms. Walston was initially subject to arrest for an underlying offense, and two, whether the jury instructions erroneously omitted this element from the jury's consideration. In this case, Ms. Walston was charged with resisting a peace officer. The charge alleged that Ms. Walston knowingly resisted arrest and ran away from Officer Graceffa after being ordered to stop. At trial, Graceffa testified that Walston was the subject of an arrest warrant that he located her. So let me ask a question on that. Is there any dispute in the record, or is there any contrary evidence pertaining to that testimony by the officer that an arrest warrant for your client? Your Honor, no, there is no disputed testimony as to there being a warrant, and we are not contesting that there was not a warrant. The issue in this case is whether, in two parts as I'll be discussing, whether the state was required under subsection D to prove beyond a reasonable doubt whether there was an underlying offense. What does that mean? Does that mean that a police officer with a warrant for defendant's arrest can't act on that warrant to make an arrest? That's not enough? In other words, that the officer has to witness some crime being committed in his or her presence, as opposed to here's an order from a judge saying arrest Larissa Walston? Your Honor, excuse me, could you rephrase the question again? Yes, I'm asking what the requirement is that you seem to be raising. On the one hand, the statute in question seems to say if the officer is arresting someone for a crime the officer has seen, then there's a resisting arrest. That's clearly what we're talking about, but do you think that the statute now means that an officer who has a warrant for the arrest of someone like your client, a warrant for the arrest of Larissa Walston, can't execute that warrant without knowing what the basis of it is? Your Honor, to my understanding if there is a warrant there would be we would be hoping that there would be some sort of basis provided within that warrant, and here the jury was never informed as to what that underlying offense was. So that's an issue which the state has to prove at trial that the judge's warrant was legitimate? Your Honor, legitimate in the sense that there was an underlying predicate offense for which the person was initially subject to arrest at the time. It may be later contested. Excuse me, Your Honor, in terms of the resisting a peace officer resisting arrest, it would just need to show that there was some underlying predicate offense. Whether or not the person is later found guilty for that offense, that's not what we're discussing here. Well, but I want to be clear on what the defense is arguing here. It's your position that a police officer can't just rely on a warrant to arrest? No, Your Honor, they may rely on the warrant. The issue here is that where subsection d of the statute requires that a person shall not be subject to arrest for resisting arrest under this section unless there is an underlying offense for which the person was initially subject to arrest. This was an element of the offense under. Switch sides for the moment, Ms. Gonzalez, and tell me, according to your theory, what evidence the state was required to present to meet that statute to show that there was an underlying offense? How do you phrase it? A predicate offense, Your Honor. Underlying predicate offense. So you're the prosecutor. What do you then do? Do you call the judge who issued the warrant? Is that what you have to do? Your Honor, that's one possible. Any way of, for example, providing an exhibit at trial of the warrant. Moreover, the parties could stimulate. What would the exhibit of the warrant achieve beyond the testimony of the officer himself if there's no challenge to the testimony that he had a warrant? Excuse me, Your Honor. Could you state that question again? Yes, you said an exhibit of the warrant, maybe a trial, but as you conceded, there is no challenge to the officer's testimony that he possessed the warrant. So what would the actual warrant at trial achieve beyond what we already have? Your Honor, although the jury had heard that there was a warrant at trial, they never heard what the underlying offense was or what the basis of the warrant was for. And for all they knew, it could have been civil in nature, for example, for the incarceration of a judgment debtor, for indirect civil contempt of court. And we cannot assume. That wouldn't be legitimate as a basis for an arrest? That is, if an arrest warrant is issued for someone who failed to appear in court on indirect civil contempt, let's say. It's your position that an officer can't arrest the person named in that warrant? No, Your Honor, they may arrest the person and take that person into custody, but they would not be subject to the statute for resisting arrest by a peace officer. So if an officer is arresting someone on that warrant and there's no question that the defendant is resisting arrest, he's not guilty of the crime of resisting arrest because there was not an underlying crime leading to the warrant? Is that your position? Is your question that if it was for a civil warrant in nature? Yes. Yes, Your Honor, where the statute is requiring a criminal offense. So the warrant can be executed based upon indirect civil contempt. You can see the officer can properly make an arrest based on that an arrest warrant. Is that right? Could you state the question again, Your Honor? Yes. Can an officer properly make an arrest based upon an arrest warrant issued for indirect civil contempt? They may take that person into custody. Yes. Okay. Yet it's your position under the statute that if a person so arrested resists or obstructs the officer, struggles with the officer in the process, that's not a crime. Is that correct? One moment, Your Honor. Your Honor, I would say yes and stand on that point that this statute requires an underlying criminal offense. And here at the trial, the jury did not hear whether there was an underlying that the statute on the subsection D can't apply and can't be meant to restrict an officer making an arrest as in a case like this pursuant to the arrest warrants. Surely the legislature didn't mean to empower people being arrested pursuant to arrest warrants to be able to resist the rest with impunity. Yet that's what your position would be. Isn't that correct? No, Your Honor. Turning to the legislative history of subsection D, at house proceedings, Representative Curtis Slaughter remarked, quote, in regards to resisting arrest, the bill requires a predicate offense to charge someone with resisting arrest. Please stop charging black folks for resisting arrest when there has not been a predicate offense. Well, that meant that applied to arrest warrants as well? You can't arrest people on arrest warrants? Not that, Your Honor, I would disagree that it doesn't say that people with arrest warrants can't be arrested. It would be that if there was not an underlying offense, then they would not be subject to arrest or they would not be able to be in that regard. They've committed no crime, isn't that correct? If the prosecutor even brought the charge, according to your theory, they'd have to be directed out because there was no crime, isn't that right? Could you state the question again, Your Honor? Yes, if a prosecutor brought a charge for resisting arrest based upon an arrest made by an officer pursuant to an arrest warrant issued based upon an indirect civil contempt complaint, and that was it, and the person being arrested resisted arrest, there's no question, physically resisted arrest, it's your position there was no crime committed, and the trial court would have to direct out the prosecution to a not guilty, isn't that right? Yes, Your Honor. Okay, just want to make it clear. You may go ahead with your argument. Ms. Gonzalez, while we're talking about the statute in subsection D, I'm curious as to your position as to why that applies when this arrest occurred and the offense charge occurred in 2001, and the statute was not amended to include subsection D until 2024, so how does that apply to this defendant? Your Honor, I'll also note that this issue was not raised in the briefs, but typically when elements are taken away from an offense, the statute on statute finds that that is substantive. Here, subsection D adds an element to the offense and was in effect at the time of trial, and the offense of resisting arrest existed prior to the amendment and existed now afterwards, and again was in effect at the time of trial. And so it's your position that it's not substantive to add this other element of the offense, that there's an underlying criminal offense that was committed? No, Your Honor, not in the sense as contemplated by the statutes on statutes. Turning to, again, discussing the plain language of subsection D, a matter in its brief, the state argues that it was an affirmative defense for Ms. of the offense. However, looking at the entirety of the statute, it is subsection C that is clearly labeled as an affirmative defense rather than subsection D. Moreover, when considering the doctrine of exception, the language within subsection D is descriptive of the offense, where now the offense of resisting arrest is resisting a peace officer cannot be described without reference to subsection. Moreover, as an additional element of the offense of resisting a peace officer, the state needed to prove beyond a reasonable doubt that Ms. was subject to arrest for an underlying offense. In relation to the second issue, this court should, in the alternative, excuse me, I should also note in relation to subsection D, I'm asking this court to reverse Ms. Walston's conviction outright because subsection D was not proved beyond a reasonable doubt. In relation to the second issue, this court should remand the matter to the circuit court for further proceedings because the jury instructions omitted the essential element as provided by subsection D, and this issue may be reviewed under plain error and Rule 451C. Here, this court may review this issue under plain error, focusing on second-pronged plain error. The error in this case was so serious because fundamental fairness requires trial courts to ensure that juries are informed of all the elements of the crime charged, which did not occur here. Additionally, Illinois Supreme Court Rule 451C provides that substantial defects in criminal jury instructions are not waived by failure to make timely objections if the interests of justice require. In this case, again, it was a grave error that the jurors were not informed as to all the elements of the crime charged. In its brief, the state argues that invited error prevents this court from reviewing this issue. However, counsel did not affirmatively acquiesce to the instructions where he did not tender the instructions. This court should rely on the cases Ogunsola and Herron. In Ogunsola, an error in the jury instruction was not objected to at trial, but the Illinois Supreme Court reviewed it under Rule 451C. In Herron, defense counsel stated no objection to the state's instruction, and the Illinois Supreme Court, citing to Rule 451C, had reviewed the issue under plain error. In its brief, the state cites to Parker for the proposition that defense counsel invited error in this case. However, in Ogunsola, defense counsel stated no objection to the state's instruction, and the Illinois Supreme Court,  Parker defense counsel invited error by tendering the jury instruction. Factually, what happened here was that the state tendered the jury instructions in question, and this court may therefore review this matter under plain error and Rule 451C. Your Honors, ultimately, subsection D of the and its legislative history all support that this was an additional element of the offense of resisting a peace officer. Accordingly, as an element of the offense, it should have been included in the jury instructions. As discussed, the state failed to prove beyond a reasonable doubt whether there was an underlying offense for which Ms. Walston was initially subject to arrest, as there is no evidence at trial of what the underlying offense was. Additionally, as an it was not included in the jury instructions. In light of the foregoing and for the other reasons set forth in the brief, Ms. Walston requests that this court reverse her conviction outright in relation to the first issue, or alternatively, excuse me, remand for further proceedings. Thank you. So, Ms. Joseph, on behalf of the appellee, you may make your argument at this time. Thank you, Your Honors. Victoria Joseph for the people of the state of Illinois. May it please the court and counsel. The people will also address subsection D of the resisting statute, as that has been primarily where the focus has been for this oral argument. The state is available to address any other arguments available, but otherwise, we'll stand on our brief. Your Honors, the main issue here is whether subsection D is an element of the offense. That is going to affect both of the arguments, because if it's not an element, there is no jury instruction necessary, and there does not need to be proof beyond a reasonable doubt of the existence of an underlying offense. The people maintain that the defendant's arguments stem from the faulty premise that subsection D is an element of the offense. We maintain that this is a defense. It is an exemption that is treated as a defense, and as an exemption, it becomes the burden of the defendant to raise the issue that there was not an underlying offense, which could have been done in a pre-trial hearing and completely knocked this out before taking it to the jury. So the general rule, oh, I'm sorry, was there a question? The purpose of subsection D is to prevent the evils of police stopping someone without reasonable suspicion and just arresting them on a charge for resisting an arrest. This was not a case where the police were arresting her just because she fled, and this is a case where there was an underlying warrant, which the legislature has mandated a police officer has to serve. The legislature knows how to make elements of the offense, and it may define an act that is to prevent or prohibit, and then also enact subsequent clauses that determine whether that prohibition should apply to certain classes of people or certain types of conduct. Here, it is that which applies to certain types of people, those without an underlying offense. We know our Supreme Court has told us in Tolbert that exceptions are generally matters of defense, and you're looking for whether it is descriptive of the offense itself or whether it is incorporated within the enacting clause by any words or reference. Here, it is not incorporated in the enacting clause. The statute can stand alone as a resisting or obstructing statute without this exemption creating its own offense. It is exempting or protecting a specific type of defendant from criminal liability. Therefore, the people had no obligation to include the exemption language in the charging instrument, and they do not have to prove the existence of the underlying offense until the defendant raises it as a defense. It would be similar to the exemption. So, counsel, let me ask you, at trial in this case, had a defense attorney argued that, Judge, there's no indication here of the underlying offense for which the police were trying to arrest my client, therefore, this case should be dismissed, should enter a direct verdict. What would be the response of the state to such an argument? The response of the state to such an argument would be, we can negate that challenge to that has been raised by the defense. At that point, they could have come in with additional evidence should they needed to beyond that of the officer. The whole idea is, is this an element you have to prove? Not until it is not guilty, but is this an element that the state is required to prove that the person who is being subject to the charge of resisting arrest, that there had to be an underlying offense for which the person was initially subject to arrest? You didn't prove it, prosecutor. What's your response to that? The response is, you've now raised it as a defense, which gives us the opportunity until that point where you raise it as a defense. How about this? The defense raises it in a motion for directed verdict. Jason, you've rested. And the defense says, wait a minute, there's no evidence of this. We're entitled to a directed verdict. Why isn't that correct? In the situations of affirmative defenses, your honor, there has to be notice given to the state that they should be. But it's just an affirmative defense. Why is it an element that you have to prove? It's not an element we have to prove because it is treated as an exemption from the statute. It is a specific class of people from- But in Gonzalez's argument, she says, this is an element you have to prove. And there's no indication in this language of subsection D that somehow this is an affirmative defense. It says, defendant shall not be subject to arrest for resisting arrest unless there's an underlying offense for which the person was initially subject to arrest. You didn't present any of that. And of course, the legislature didn't write this very well. A person should not be subject to arrest while you're being arrested. What they probably meant to say is shall not be convicted for resisting arrest, but more sloppy language. But go ahead, counsel. Just because, yes, it is true that the court or the legislature knows how to state affirmatively that it is an affirmative defense. It is likewise able to state, put it in the enacting clause and make it an element. Here, we have its own subsection of the statute that is not merged with the language of the offense itself. While the location of the exemption is not positive, it can assist in looking at whether it is a description of the offense. Is the language so incorporated into the offense that the offense itself cannot be accurately described without reference to that exception? Here, we're looking at it. Again, the language is very similar to that in Tolbert, which was the does not apply to or affect a person shall not be subject to. That was similar to the invitee language in the unlawful possession of a weapon statute addressed in Tolbert. This here is an instruction basically to officers and prosecutors not to arrest or prosecute people for no lawful reason. That's really what it seemed like representative slaughter was getting to. It's a situation where you have an attempted unlawful Terry stop that you now have a person that is conducting themselves in a manner of walking away, becoming nervous, arguing, and you're suddenly arresting them for resisting when there was no lawful ground to engage in the first place. That's really what this is trying to prevent. It is not a requirement of proof to enhance the charge. It is not an element of the offense. Even if it were an element of the offense, the people maintain that we did put on evidence that there was an underlying warrant. When the officer or Lieutenant Stein began testifying about why he was sent out on the call, there was an objection for hearsay, at which point in time, the judge stated that we are not going to get into the details of the underlying offense itself. It became acquiescence by the defendant when the defense counsel said, okay. There was an agreement made during trial that the underlying offense would not be presented to the jury. This is very consistent with case law, speaking of other crimes evidence. Here, we're preventing prejudicial evidence coming in that could be extremely detrimental to a defendant to put on the evidence of what the underlying offense was. Maybe not so much in this specific case, but in general, if you're issuing or executing a warrant for a murder and you're on trial for resisting arrest, and the people now have to put on evidence that your underlying to keep that evidence out of trial. Counsel, can I ask a question just to follow up? You told me, could you make an argument that a legally binding bench warrant for failing to appear in court for a felony offense in some way satisfies the idea that there is an underlying offense? We have a legally valid bench warrant for the rest of this suspect. Well, the people do maintain even the evidence that was presented was sufficient to meet subsection D. We know that there was testimony from two officers that there was a warrant. I believe it was Lieutenant Stein who specifically testified that it was a judicially entered warrant. Typically, those are made based on probable cause to support an underlying offense. Yes, you should be able to reach the conclusion that there was an existing underlying offense. The defendant took no action to challenge the validity of that warrant. At least, we don't have that in the record that any challenge was made to the underlying warrant, and no testimony or evidence was presented to challenge the existence of the warrant. So, respecting your answer there, I'll take it. I can't find anywhere in the record that there was any testimony that there was a bench warrant for a pending felony offense. I don't believe there was a pending felony offense, Your Honor. I believe the only thing in the- Active criminal case, I should say. I'm sorry. Yes, I believe the probable cause statement with the original complaint that was filed indicated it was disorderly conduct for which she was being arrested. That was not presented further before the jury or at trial, but that did appear in the record. I don't have that page number in front of me, but it would be near where the complaint was. Very good. Was issued. So, yes. Ms. Joseph, do you share Appellant Counsel's position that subsection D should be applied retroactively to this 2001 offense? I know it wasn't briefed. It wasn't briefed, Your Honor, and I honestly don't know that I'm going to give an overly intelligent answer to that at this time. Um, it does seem- Because basically you're saying that if it was retroactive, then- Well, this statute was amended in 2004. The original arrest occurred in 2001, or 21, I'm Yes. In 2024. So, it was applied retroactively. Or at least the argument now is being made that it should be applied retroactively, because as it- Excuse me, Your Honors. As a- Correct, because it wasn't actually applied, but yes. Yes, it really wasn't addressed because obviously the challenge wasn't made. It wasn't brought up as being- needing a jury instruction. It wasn't brought up as needing additional- a little bit argued at- in closing argument that there wasn't- I believe counsel did argue there wasn't an underlying offense, but we did have testimony that there was a judicially entered warrant. So, based on that information, it would be sufficient to show, but yes, basically retroactive application means something that which may have been an offense at the time of her arrest in 2021, if this was an element that wasn't proven, now would not be offense in 2024. So, honestly, I don't know, Your Honor, that you can make something go- poof and go away retroactively due to an amendment, but if that is the case, then that is what it would be. But at the time- at the time it was made, that amendment wasn't there, and- but by the time- the trial, I believe, was after the amendment. So, at that point in time, the parties would have been aware of that statute. Anything from the counsel? There are no further questions, other than the fact that, again, we do maintain that there was agreement to the instructions. The 22.13 instruction, I believe, that was actually affirmatively agreed to by defense counsel, who said, that is the statute, Your Honor, because I know the state was just going to put in language of resisting, and defense counsel specifically stated that it should include the language as written in the IPI. This- this court has recently reviewed at least the issue of the materiality- material impediment in the case of Tomlinson. It is unpublished, but Your Honors can definitely use that as persuasive authority, and if there are no other questions, the people stand on their briefs and ask this court to affirm. Thank you, counsel. Ms. Gonzalez, you're currently, I think, have your microphone muted, so you have to turn it on, and you may make a rebuttal argument at this time. Thank you, Your Honors. I will address three points here. First, in- in regards to the state's argument that there was an agreement here that the contents of the warrant would not be introduced to the jury, there was no- that is not supported by the record here, where defense counsel had indicated that if the contents of the warrant were to come in, he would later simply ask for a limiting instruction, and the record shows that the court had took it upon itself to limit further details. Additionally, in regards to the state's comments that Subsection D is trying to get to unlawful Terry stops as covering those instances, that is already covered by the authorized act element of resisting a peace officer, where unlawful Terry stops are not considered authorized acts. So, showing here Subsection D, excuse me, is requiring more, and is requiring that there must be an underlying offense for which the person was initially subject to arrest. I'll also note the state's comments regarding that defense counsel had affirmatively acquiesced to the definitions instruction. I would just note that even if this court finds that his comments in regard to that instruction, he had simply stated no objection to the proposition instruction. And then, I would just also note, considering the state's comments of that this was an affirmative defense, here under the doctrine of exception is instructive that the language within Subsection D does not exclude a particular class of people from the scope of the resisting a peace officer statute. Instead, it applies to everyone. It says that a person shall not be subject to resisting arrest under this section unless there is an underlying offense for which they were initially subject to arrest. And the state cites to Tolbert as instructive here, but it should be noted that the exemption or the exception language within that statute was listed in a section titled exemptions. And also, there was a provision within the statute that said that the defense needs to prove those exemptions. And so, again, as discussed, the state failed to prove beyond a reasonable doubt that Ms. Walston was initially subject to arrest due to a predicate offense. And this element should have been included in the jury instructions. And in light of the foregoing and for the other reasons set forth in the brief, Ms. Walston's conviction for resisting a peace officer should be reversed outright or alternatively remanded for further proceedings. Thank you. Thank you, counsel. The court will take this matter under advisement, issue a decision in due course, and we'll stand in recess at this time.